# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| DARON SKURICH,<br>HERNAN ORELLANA,<br>BRADY GRUHN, and<br>BRIAN ECONOMY<br>    *Plaintiffs* | § <br> § <br> § <br> § <br> § <br> § | |
| **v.** | § <br> § | Civil Action No.: _____ |
| JOSEPH BIDEN, in his official capacity as President of the United States; SAFER FEDERAL WORKFORCE TASK FORCE; OFFICE OF PERSONNEL MANAGEMENT; KIRAN AHUJA, in her official capacity as OPM Director and as Task Force co-chair and member; GENERAL SERVICES ADMINISTRATION; ROBIN CARNAHAN, in her official capacity as GSA Administrator and Task Force co-chair and member; JEFFREY ZIENTS, in his official capacity as White House COVID-19 Response Coordinator and Task Force co-chair and member; L. ERIC PATTERSON, in his official capacity as Director of the Federal Protective Service and as Task Force co-chair and member; JAMES M. MURRAY, in his official capacity as Director of the U.S. Secret Service and as Task Force member; DEANNE CRISWELL, in her official capacity as Director of Federal Emergency Management Agency and as Task | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |

Force member; ROCHELLE                §
WALENSKY, in her official capacity     §
as CDC Director and Task Force         §
member; FEDERAL ACQUISITION            §
REGULATORY COUNCIL; OFFICE             §
OF MANAGEMENT AND BUDGET;              §
SHALANDA YOUNG, in her official        §
capacity as Acting Director of OMB     §
and Task Force member;                 §
LESLEY A. FIELD, in her official       §
capacity as Acting Administrator       §
for Federal Procurement                §
of OMB and FAR Council member;         §
JOHN TENAGLIA, in his official         §
capacity as Principal Director of      §
Defense Pricing and Contracting        §
of the DOD and FAR Council             §
member; JEFFREY A. KOSES,              §
in his official capacity as Senior     §
Procurement Executive & Deputy         §
Chief Acquisition Officer of the       §
GSA  and FAR Council member;           §
KARLA S. JACKSON, in her official      §
capacity as Assistant Administrator    §
for Procurement of NASA and FAR        §
Council member,                        §
    *Defendants.*              §

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Daron Skurich, et al., by and through their attorneys of record,

allege and complain of the following:

## INTRODUCTION

2

1.      Plaintiffs are ordinary citizens who are subject to the unprecedented and unlawful federal contractor COVID-19 vaccine mandate (the "Contractor Mandate") issued by the federal government, requiring them to get the shot or lose their jobs.[1] Plaintiffs are the workers who helped this country through the COVID-19 pandemic. And now they are the victims of President Biden's threat that his patience was "wearing thin" on those who refuse an experimental vaccine.[2]

2.      The Contractor Mandate is part of a larger and wholly unlawful effort by the Biden Administration to compel COVID-19 vaccinations for millions of Americans, including Plaintiffs. The Occupational Health and Safety Administration's ("OSHA") COVID-19 Emergency Temporary Standard ("ETS"), issued November 5, 2021, would subject over 84 million Americans to COVID-19 vaccine mandates. 86 Fed. Reg. 61,402, 61,467 (Nov. 5, 2021). It was stayed pending judicial review by the Fifth Circuit. *See BST Holdings, LLC v.*

---

[1]  *See* Executive Order 14042, *Ensuring Adequate COVID Safety Protocols for Federal Contractors*, 86 Fed. Reg. 50,985 (Sept. 9, 2021) ("Executive Order 14042").

[2]  White House, *Remarks by President Biden on Fighting the COVID-19 Pandemic* (Sept. 9, 2021) ("Biden Mandate Remarks"), available at: https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/09/09/remarks-by-president-biden-on-fighting-the-covid-19-pandemic-3/ (last visited Jan. 6, 2022).

*OSHA*, 17 F.4th 604 (5th Cir. 2021) ("*BST*"), and it is currently set for oral argument before the Supreme Court on January 7, 2022.

3.     The Centers for Medicare and Medicaid Services ("CMS") Mandate, which requires COVID-19 vaccination of over 10 million American workers, has also been stayed. On November 30, 2021, a federal court in the Western District of Louisiana issued a nationwide stay, enjoining and restraining the implementation and execution of the CMS Mandate. *Louisiana v. Becerra*, --- F.Supp.3d ---, 2021 WL 5609846 (W.D. La. Nov. 30, 2021) ("*Louisiana I*"), *modified* 20 F.4th 260 (5th Cir. Dec. 15, 2021) ("*Louisiana II*") (limiting stay to the 14 plaintiff states).

4.     The Contractor Mandate now faces the same skepticism by the courts. On November 30, 2021, a district court in the Eastern District of Kentucky enjoined the government from enforcing the Contractor Mandate in the states of Kentucky, Ohio, and Tennessee. *Kentucky v. Biden*, No. 3:21-cv-00055, 2021 WL 5587446 (E.D. Ky. Nov. 30, 2021) ("*Kentucky I*"), *aff'd* No. 21-6147, 2022 WL 43178 (6th Cir. Jan. 5, 2021) ("*Kentucky II*").

5.     And on December 7, 2021, a federal court in the Southern District of Georgia enjoined the government from "from enforcing the vaccine mandate for federal contractors and subcontractors in all covered contracts in any state or territory of the United States of America." *Georgia, v. Biden*, No. 1:21-cv-00163, 2021 WL 5779939 (S.D. Ga. Dec. 7, 2021) ("*Georgia*").

6.     Despite the Contractor Mandate being enjoined for the time being, Plaintiffs face the threat of being terminated for standing up to an unlawful order by the federal government and exercising their natural and Constitutional rights to refuse unwanted, unnecessary and unproven medical treatment. Plaintiffs therefore seek the relief requested herein.

## JURISDICTION AND VENUE

7.     This Court has federal subject matter jurisdiction under 28 U.S.C. §§ 1331, 1346, 1361; 42 U.S.C. § 1983; and 5 U.S.C. §§ 702-703. The relief sought in this action is authorized by and through the U.S. Constitution; this Court's equitable powers; 28 U.S.C. §§ 2201 and 2202; 5 U.S.C. § 705; and Federal Rules of Civil Procedure 57 and 65.

8.     Venue is proper in this District under 28 U.S.C. § 1391 and 28 U.S.C. § 1402 because it is the judicial district in which a substantial part of the events giving rise to the claim occurred, and because it is the district in which certain Plaintiffs reside.

## PARTIES

### A. Plaintiffs

9.     Plaintiff Daron Skurich is domiciled in Wharton County, Texas. He is employed as a pilot for Southwest Airlines, a federal contractor that is

"required by law" to follow the Contractor Mandate.[3] Southwest has announced that its "contracts with the U.S. government require full compliance with the federal vaccination directive."[4] Mr. Skurich has not received a COVID-19 vaccine, has not been granted an exemption, and faces imminent termination if he does not comply with the Contractor Mandate.

10.   Plaintiff Hernan Orellana is domiciled in Schertz, Texas. He is employed as a pilot for JetBlue Airways. He is subject to the Contractor Mandate through his employer, which has announced that its workers must be fully vaccinated against COVID-19 due to the Contractor Mandate.[5] Mr. Orellana has not received a COVID-19 vaccine, has not been granted an exemption, and faces imminent termination if he does not comply with the Contractor Mandate.

11.   Plaintiff Brady Gruhn is domiciled in Tampa, Florida. He is employed by Science Applications International Corporation ("SAIC"), a federal contractor

---

[3] *See Southwest Airlines Pilots Assoc. v. Southwest Airlines Co.*, 3:21-cv-02065 (N.D. Tex. Oct. 26, 2021).

[4] Southwest Airlines, *Southwest Airlines Complying with Directive for Federal Contractors by Requiring All Employees to Become Fully Vaccinated Against COVID-19* (Oct. 4, 2021), available at: www.swamedia.com/releases/release-66d1c9ae7fd4aa2df09a33d586c3b894-southwest-airlines-complying-with-directive-for-federal-contractors-by-requiring-all-employees-to-become-fully-vaccinated-against-covid-19 (last visited Jan. 6, 2022).

[5] *See* Mary Schlangenstein, *JetBlue Says Workers Must Get Covid Shots Under Federal Mandate*, BLOOMBERG (Oct. 1, 2021), www.bloomberg.com/news/articles/2021-10-01/jetblue-says-workers-must-get-covid-shots-under-federal-mandate (last visited Jan. 6, 2022).

that is subject to the Contractor Mandate. Mr. Gruhn has not received a COVID-19 vaccine, has not been granted an exemption, and faces imminent termination if he does not comply with the Contractor Mandate.

12.     Plaintiff Brian Economy is domiciled in Chesapeake, Virginia. He is employed by Atlantic Diving Supply d/b/a ADS, Inc., a federal contractor that is subject to the Contractor Mandate. Mr. Economy has not received a COVID-19 vaccine, has not been granted an exemption, and faces imminent termination if he does not comply with the Contractor Mandate.

## B. Defendants

13.     Defendant Joseph Biden, the President of the United States, is sued in his official capacity. President Biden issued Executive Order 14042.

14.     Defendant Safer Federal Workforce Task Force (also referred to as the "Task Force") was created by Executive Order 13991, *Protecting the Federal Workforce and Requiring Mask-Wearing*, 86 Fed. Reg. 7,045 (Jan. 25, 2021) ("Executive Order 13991"), which was signed by President Biden the day he was inaugurated on January 20, 2021. The Task Force was established to generally "provide ongoing guidance" to the Federal Government and its employees during the COVID-19 pandemic. Executive Order 13991, 86 Fed. Reg. at 7046.

15.    Defendant Office of Personnel Management ("OPM") is an agency of the United States government which "serves as the chief human resources agency and personnel policy manager for the Federal Government."[6]

16.    Defendant Kiran Ahuja is the OPM Director. She is a co-chair and member of the Task Force. She is sued in her official capacity.

17.    Defendant General Services Administration ("GSA) is an agency of the United States government which "provides workplaces by constructing, managing, and preserving government buildings and by leasing and managing commercial real estate."[7]

18.    Defendant Robin Carnahan is the GSA Administrator. She is sued in her official capacity. She is a co-chair and member of the Task Force.

19.    Defendant Jeffrey Zients, the White House COVID-19 Response Coordinator, is sued in his official capacity. He is a co-chair and member of the Task Force.

20.    Defendant L. Eric Patterson, the Director of the Federal Protective Service, is sued in his official capacity. He is a member of the Task Force.

---

[6]   Office of Personnel Management, *Our Agency*, available at: https://www.opm.gov/about-us/ (last visited Jan. 6, 2022).

[7]   General Services Administration, *About Us*, available at: https://www.gsa.gov/about-us (last visited Jan. 6, 2022).

21.     Defendant James M. Murray, Director of the U.S. Secret Service and member of the Task Force, is sued in his official capacity.

22.     Defendant Deanne Criswell is the Director of the Federal Emergency Management Agency and is a member of Task Force. She is sued in her official capacity.

23.     Defendant Rochelle Walensky, the Director of the Centers for Disease Control and Prevention ("CDC"), is sued in her official capacity. She is a member of Task Force.

24.     Defendant Federal Acquisition Regulatory Council ("FAR Council") issues and maintains a "Government-wide procurement regulation." 41 U.S. Code § 1303(a).

25.     Defendant Office of Management and Budget ("OMB") is an agency of the United States government, which "oversees the implementation of the President's vision across the Executive Branch."[8]

26.     Defendant Shalanda Young, Acting Director of OMB and member of the Task Force, is sued in her official capacity.

27.     Defendant Lesley A. Field, Acting Administrator for Federal Procurement of OMB and member of the FAR Council, is sued in her official capacity.

---

[8]   White House, Office of Management and Budget, available at: https://www.whitehouse.gov/omb/ (last visited Jan. 6, 2022).

28.    Defendant John M. Tenaglia, Principal Director of Defense Pricing and Contracting of the Department of Defense, and member of the FAR Council, is sued in his official capacity.

29.    Jeffrey A. Koses, Senior Procurement Executive & Deputy Chief Acquisition Officer of the GSA and member of the FAR Council, is sued in his official capacity.

30.    Karla S. Jackson, the Assistant Administrator for Procurement of the National Aeronautics and Space Administration ("NASA") and a member of FAR Council, is sued in her official capacity.

## LEGAL AND FACTUAL BACKGROUND

### A. The Biden Administration's Vaccine Mandates

31.    At a September 9, 2021 press conference, President Biden announced his intent to use the full force of the federal government to mandate COVID-19 vaccines for millions of Americans. He proclaimed his disdain for those Americans – like Plaintiffs – who exercised their natural and Constitutionally-protected rights to medical autonomy and bodily integrity, stating "our patience is wearing thin. And your refusal [to be vaccinated] has cost all of us." Biden Mandate Remarks, *supra* note 2.

32.    Dissatisfied with the personal medical decisions of millions of Americans, President Biden started with the unlawful edicts:

> I will sign an executive order that will now require all executive
> branch federal employees to be vaccinated — all.  And I've signed
> another executive order that will require federal contractors to do
> the same.

*Id.* He declared that vaccines would be required "to do business with the federal

government." *Id.* And for those state governors who chose to oppose his federal

power grab, President Biden promised "I'll use my power as President to get

them out of the way." *Id.*

33.     The Biden Administration then "pored over the U.S. Code in search of

authority, or a 'work-around,' for imposing a national vaccine mandate." *BST*,

17 F.4th at 612. It found its "work-around" in the OSHA Mandate, the CMS

Mandate, and the Federal Contractor Mandate. The OSHA Mandate, issued

on November 5, 2021 through a rarely-used emergency temporary standard

(ETS), would require approximately 264,000 entities to implement COVID-19

vaccination polices to approximately 84.2 million workers. 86 Fed. Reg. at

61,475.

34.     The OSHA Mandate was immediately challenged in courts across the

country. "Within 10 days, 34 lawsuits were filed, covering all 12 regional circuit

courts."[9] On November 12, 2021, the Fifth Circuit issued a stay pending review

---

[9] Andrea Hsu, *6th Circuit Court 'wins' lottery to hear lawsuits against Biden's
vaccine rule*, NPR (Nov. 16, 2021), available at:
https://www.npr.org/2021/11/16/1056121842/biden-lawsuit-osha-vaccine-
mandate-court-lottery (last visited Jan. 6, 2022).

of the OSHA Mandate, ordering that "OSHA take no steps to implement or enforce the Mandate until further court order." *BST*, 17 F.4th at 619. The challenges to the OSHA Mandate were consolidated to the Sixth Circuit, which recently rejected the Biden Administration's request to expedite the "briefing schedule on its motion to dissolve the Fifth Circuit's stay."[10] The OSHA Mandate is currently set for oral argument before the Supreme Court on January 7, 2022.

35.    The Biden Administration also issued the CMS Mandate on November 5, 2021. It required "the staff of twenty-one types of Medicare and Medicaid healthcare providers to receive one vaccine by December 6, 2021, and to receive the second vaccine by January 4, 2022." *Louisiana I*, 2021 WL 5609846, at *1. It covered "over 10.3 million health care workers in the United States." *Id*. On November 29, 2021, the District Court for the Eastern District of Missouri enjoined the federal government from implementing or enforcing the CMS Mandate in ten states. *See Missouri v. Biden*, --- F.Supp.3d ---, 2021 WL 5564501 (E.D. Mo. Nov. 29, 2021) ("*Missouri*").

36.    The next day, on November 30, 2021, a District Court for the Western District of Louisiana issued a nationwide injunction, with the exception of the

---

[10] Robert Iafolla, *Biden Shot-or-Test Litigation Denied Fast-Track Schedule*, BLOOMBERG LAW (Dec. 3, 2021), available at: https://news.bloomberglaw.com/daily-labor-report/biden-shot-or-test-rule-litigation-denied-fast-track-schedule (last visited Jan. 6, 2022).

ten states covered by the injunction ordered by the court in *Missouri. See Louisiana I.* That court held that the government did "not have the authority to implement the CMS Mandate." *Id.*, 2021 WL 5609846, at *1. The Fifth Circuit recently limited that nationwide stay to the 14 plaintiff states, with the court noting it "cannot say that the Secretary has made a strong showing of likely success on the merits." *Louisiana II,* 20 F.4th at 460. On January 7, 2022, the Supreme Court will hear appeals relating to the OSHA Mandate and the CMS Mandate.

37.    Courts have also considered challenges to the federal Head Start program's vaccine mandate ("Head Start Mandate") in which the Department of Health and Human services requires Head Start staff and contractors "to be vaccinated and near-universal masking of children and adults." *Texas v. Becerra*, 5:21-cv-300, 2021 WL 6198109, at *1 (N.D. Tex. Dec. 31, 2021). On December 31, 2021, a court in the Northern District of Texas enjoined the Head Start Mandate in the State of Texas pending a trial on the merits. *Id.* On January 1, 2022, a federal court in the Western District of Louisiana enjoined the implementation of the Head Start Mandate for 24 more states. *See Louisiana v. Becerra*, --- F.Supp.3d ---, 2022 WL 16571 (W.D. La. Jan. 1, 2022).

38.    The Contractor Mandate has faced the same type of scrutiny and has not fared any better. On November 30, 2021, a district court in the Eastern District of Kentucky granted a request for preliminary injunction, enjoining the

13

government "from enforcing the vaccine mandate for federal contractors and subcontractors in all covered contracts in Kentucky, Ohio, and Tennessee." *Kentucky I*, 2021 WL 5587446, at \*14.  That court asked an important question: "Can the president use congressionally delegated authority to manage the federal procurement of goods and services to impose vaccines on the employees of federal contractors and subcontractors?" *Id.*, 2021 WL 5587446, at \*1. The answer was "no." *Id.*

39.    One week later, a district court in Georgia issued a nationwide injunction, stating those plaintiffs "have a likelihood of proving that Congress, through the language it used, did not clearly authorized the President to issue" the Contractor Mandate. *Georgia*, 2021 WL 5779939, at \*9.  On December 20, 2021, a federal court in Missouri enjoined the enforcement of the Contractor Mandate "for federal contractors and subcontractors in all covered contracts in Missouri, Nebraska, Alaska, Arkansas, Iowa, Montana, New Hampshire, North Dakota, South Dakota, and Wyoming." *Missouri v. Biden*, No. 4:21-cv-1300, 2021 WL 5998204, at \*8 (E.D. Mo. Dec. 20, 2021). Soon thereafter, a district court in Florida held that the state of "Florida demonstrates a substantial likelihood that Executive Order 14042 exceeds the President's authority under" the Federal Property and Administrative Services Act. *Florida v. Nelson*, --- F.Supp.3d ---, 2021 WL 6108948, at \*16 (M.D. Fla. Dec. 22, 2021).

14

## B. The Contractor Mandate – Background

### 1. Executive Order 14042

40.   As part of the "work-around," on November 9, 2021, President Biden signed Executive Order 14042. It expressly relied on the Federal Property and Administrative Services Act ("FPASA"), 40 U.S.C 40 U.S.C. § 101 et seq., and the supposed authority it vested to President Biden. 86 Fed. Reg. at 50,985.

41.   The alleged purpose of Executive Order 14042 is to promote "economy and efficiency in procurement by contracting with sources that provide adequate COVID-19 safeguards for their workforce." *Id*. It orders "[e]xecutive departments and agencies" to "include a clause that the contractor and any subcontractors (at any tier) shall incorporate into lower-tier subcontracts" by October 8, 2021, if practicable. *Id*. at 50,985-50,986. It further states:

> This clause shall specify that the contractor or subcontractor shall, for the duration of the contract, comply with all guidance for contractor or subcontractor workplace locations published by the Safer Federal Workforce Task Force (Task Force Guidance or Guidance), provided that the Director of the Office of Management and Budget (Director) approves the Task Force Guidance and determines that the Guidance, if adhered to by contractors or subcontractors, will promote economy and efficiency in Federal contracting. *Id*. at 50,985.

42.   Executive Order 14042 applies "to any new contract; new contract-like instrument; new solicitation for a contract or contract-like instrument; extension or renewal of an existing contract or contract-like instrument; and

15

exercise of an option on an existing contract or contract-like instrument" if they meet certain requirements. *Id.* at 50,986.

### 2. Task Force Guidance

43.    The Task Force, which set forth some terms of the Contractor Mandate, was established by President Biden through Executive Order 13991, which he signed on the day of his inauguration.

44.    The mission of the Task Force was to "provide ongoing guidance to heads of agencies on the operation of the Federal Government, the safety of its employees, and the continuity of Government functions during the COVID-19 pandemic." Executive Order 13991, 86 Fed. Reg.at 7,046. The Task Force's guidance is to be "based on public health best practices as determined by CDC and other public health experts" on topics such as testing, contract tracing, physical distancing, equipment, teleworking, and vaccine administration "as they relate to the Federal workforce." *Id.*

45.    On September 24, 2021, in response to Executive Order 14042, the Task Force issued its "COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors" ("Guidance").[11] It states that "[f]ederal

---

[11] *See* Safer Federal Workforce Task Force, *COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors* (updated November 10, 2021) ("Task Force Guidance"), available at: https://www.saferfederalworkforce.gov/downloads/Guidance%20for%20Feder al%20Contractors_Safer%20Federal%20Workforce%20Task%20Force_202111 10.pdf (last visited Jan. 6, 2021).

contractors and subcontractors with a covered contract will be required to"
ensure the "COVID-19 vaccination of covered contractor employees, except in
limited circumstances where an employee is legally entitled to an
accommodation." *Id.* "Covered contractor employees must be fully vaccinated
no later than January 18, 2022." *Id.*

46.    The Task Force Guidance noted Executive Order 14042:

> [S]ets out a process for the Federal Acquisition Regulatory Council
> ("FAR Council") to implement such protocols and guidance for
> covered Federal procurement solicitations and contracts subject to
> the Federal Acquisition Regulation ("FAR") and for agencies that
> are responsible for covered contracts and contract-like
> instruments not subject to the FAR to take prompt action to ensure
> that those covered contracts and contract-like instruments include
> the clause, consistent with the order. *Id.*

47.    The Task Force declared that the "[c]overed contractors shall adhere to
the requirements of this Guidance." *Id.* It also stated the Director of OMB
"under the Federal Property and Administrative Services Act determined that
this Guidance will promote economy and efficiency in Federal contracting if
adhered to by Government contractors and subcontractors." *Id.*

### 3. OMB Determination

48.    On that same day – September 24, 2021 – Defendant OMB Acting
Director Shalanda Young issued the agency's short "Determination of the
Promotion of Economy and Efficiency in Federal Contracting Pursuant to

Executive Order No. 14042." 86 Fed. Reg. 53,691-01 (Sept. 28, 2021) ("OMB

Determination"). There, the OMB Acting Director stated:

> I have determined that compliance by Federal contractors and
> subcontractors with the COVID-19 workplace safety protocols
> detailed in that [Task Force] guidance will improve economy and
> efficiency by reducing absenteeism and decreasing labor costs for
> contractors and subcontractors working on or in connection with a
> Federal Government contract. *Id.*, 86 Fed. Reg. at 53,692.

49.     The OMB Determination was later updated and published on November

16, 2021.[12] It stated that employees of "Federal contractors and subcontractors

with a covered contract" will be required to receive COVID-19 vaccination

"except in limited circumstances where an employee is legally entitled to an

accommodation." Revised OMB Determination, 86 Fed. Reg. at 63,418. It kept

the Task Force vaccine timeline, stating employees of covered contractors

"must be fully vaccinated no later than January 18, 2022." *Id*.

### 4. FAR Council Memorandum

50.     On September 30, 2021, the FAR Council issued a memorandum

concerning the "Issuance of Agency Deviations to Implement Executive Order

14042."[13] This memorandum was signed by Defendants Lesley A. Field, OMB,

---

[12] *See* OMB, Notice of Determination, *Determination of the Acting OMB Director Regarding the Revised Safer Federal Workforce Task Force Guidance for Federal Contractors and the Revised Economy & Efficiency Analysis*, 86 Fed. Reg. 63,418-01 (Nov. 16, 2021) ("Revised OMB Determination").
[13] White House, *FAR Council Guidance* (Sept. 30, 2021), available at: https://www.whitehouse.gov/wp-content/uploads/2021/09/FAR-Council-

Acting Administrator for Federal Procurement Policy; John M. Tenaglia, Principal Director, Defense Pricing and Contracting, Department of Defense; Jeffrey A. Koses, GSA, Senior Procurement Executive & Deputy Chief Acquisition Officer, Office of Acquisition Policy; and Karla S. Jackson, Senior Procurement Executive, NASA, Assistant Administrator for Procurement. *Id.*

51.     To implement Executive Order 14042, the FAR Council developed a "clause pursuant to section 3(a) of the order to support agencies in meeting the applicability requirements and deadlines set forth in the order" (the "FAR Deviation Clause"). *Id.*

52.     The FAR deviation clause provided the language used to mandate compliance with the Task Force Guidance and the Contractor Mandate:

> (c) *Compliance*. The Contractor shall comply with all guidance, including guidance conveyed through Frequently Asked Questions, as amended during the performance of this contract, for contractor or subcontractor workplace locations published by the Safer Federal Workforce Task Force (Task Force Guidance) at https:/www.saferfederalworkforce.gov/contractors/.

> (d) Subcontracts. The Contractor shall include the substance of this clause, including this paragraph (d), in subcontracts at any tier that exceed the simplified acquisition threshold, as defined in Federal Acquisition Regulation 2.101 on the date of subcontract award, and are for services, including construction, performed in whole or in part within the United States or its outlying areas. *Id.*

Guidance-on-Agency-Issuance-of-Deviations-to-Implement-EO-14042.pdf (last visited Jan. 6, 2022).

53.     The FAR Council provided that agencies should act to issue their deviations "expeditiously," reviewing and updating "any relevant guidance previously provided to contractors to ensure consistency with the deviated FAR text." *Id.* "Agencies are encouraged to make their deviations effective until the FAR is amended or the deviation is otherwise rescinded by the agency." *Id.* Moreover, "agencies are required to include an implementing clause in solicitations and contracts for services" for new contracts awarded on or after November 14, 2021; for new solicitations issued on or after October 15, 2021; for extensions or renewals of contracts awarded on or after October 15, 2021; and for options on existing contracts exercised on or after October 15, 2021. *Id.*

54.     A deviation in this context means a contract clause that is "inconsistent with the FAR." FAR § 1.401. The deviation at issue in the present matter is inappropriate: "[w]hen an agency knows that it will require a class deviation on a permanent basis, it should propose a FAR revision, if appropriate." FAR § 1.404.

## C. The Scope of the Contractor Mandate

55.     The Contractor Mandate applies to the "covered contractor employee" of a "covered contractor." *See* Task Force Guidance, *supra* note 11. A "covered contractor" is defined as "a prime contractor or subcontractor at any tier who is party to a covered contract." *Id.* A "covered contractor employee" means "any full-time or part-time employee of a covered contractor working on or in

20

connection with a covered contract or working at a covered contractor workplace. This includes employees of covered contractors who are not themselves working on or in connection with a covered contract." *Id.*

56.   The scope of the Contractor Mandate is breathtaking – estimated to cover "in the upper tens of millions" of employees.[14] Per Task Force guidance, it would cover Americans who are in no way involved in working on a government contract, as long as their employer is a federal contractor or a subcontractor to a federal contractor. *See* Task Force Guidance, *supra* note 11.

57.   The burden of complying with the Contractor Mandate ultimately falls on individuals like Plaintiffs, those who make ends meet and support their families by working for companies that have either contractor or subcontractor relationships with the U.S. government. For example, Plaintiff Daron Skurich works for Southwest Airlines and faces a company vaccination policy that "was adopted to comply with Executive Order 14042."[15] Southwest has determined its "contracts with the U.S. government require full compliance with the

---

[14] David Shepardson and Tom Hals, *White House says Millions of government contractors must be vaccinated by Dec. 8*, REUTERS (Sept. 27, 2021), available at: https://www.reuters.com/world/us/exclusive-white-house-wants-millions-government-contractors-vaccinated-by-dec-8-2021-09-24/ (last visited Jan. 6, 2022). *See also Kentucky II*, 2022 WL 43178, at *1 (the contractor mandate "sweeps in at least one-fifth of our nation's workforce, possibly more.").

[15] *See generally Southwest Airlines Pilots Assoc. v. Southwest Airlines Co.*, 3:21-cv-02065 (N.D. Tex. Oct. 26, 2021)

federal vaccination directive."[16] Likewise, JetBlue Airways states that because of the "[f]ederal mandate, all new hires must be fully vaccinated for COVID-19 prior to the start of training."[17]

58.     Defendants have left Plaintiffs with the illusion of "choice" that is in fact coercion: vaccination or termination. Yet it's worse than that, as the Contractor Mandate forces the administration of experimental and unapproved vaccines.

59.     The only COVID-19 vaccines available to the American public – produced by Pfizer-BioNTech, Moderna, and Johnson & Johnson – are not approved by the Food and Drug Administration ("FDA"); instead, they are subject to an Emergency Use Authorization ("EUA"). The EUAs for these vaccines were issued after limited testing. In the case of the Pfizer-BioNTech vaccine, for example, the EUA was granted based on an "entire enrolled study population [that] had a median follow-up of less than 2 months."[18] While a variation of the

---

[16] *Southwest* Airlines, Media Release, *Southwest Airlines Complying with Directive for Federal Contractors by Requiring All Employees to Become Fully Vaccinated Against COVID-19* (Oct. 4, 2021), available at: www.swamedia.com/releases/release-66d1c9ae7fd4aa2df09a33d586c3b894-southwest-airlines-complying-with-directive-for-federal-contractors-by-requiring-all-employees-to-become-fully-vaccinated-against-covid-19 (last visited Jan. 6, 2022).

[17] JetBlue Airways, *Safety from the Ground Up*, available at: www.jetblue.com/safety (last visited Jan. 6, 2022).

[18] FDA, *Emergency Use Authorization for an Unapproved Product: Review Memorandum* (Nov. 20, 2020), available at: https://www.fda.gov/media/144416/download (last visited Jan. 6, 2022).

Pfizer-BioNTech EUA vaccine (marketed under the name Comirnaty) was approved by the FDA in August 2021, it is not available to the American public. According to the CDC, "COMIRNATY products are not orderable at this time."[19] The CDC further represents that Comirnaty will not be available "while EUA authorized product is still available and being made available for U.S. distribution." *Id.* In a January 3, 2022 letter to Pfizer, in which the FDA reissued the EUA of the Pfizer-BioNTech COVID-19 vaccine, the FDA observed:

> Although COMIRNATY (COVID-19 Vaccine, mRNA) is approved to prevent COVID-19 in individuals 16 years of age and older, there is not sufficient approved vaccine available for distribution to this population in its entirety at the time of reissuance of this EUA.[20]

### COUNT 1: PRESIDENT BIDEN'S *ULTRA VIRES* ACTION

60.    Plaintiffs incorporate the above paragraphs as though fully set forth herein.

61.    Through the FPASA, Congress authorized the President to "prescribe policies and directives that the President considers necessary" to "provide the Federal Government with an economical and efficient system," which includes

---

[19]    CDC, *COVID-19 Vaccine Codes*, available at: https://www.cdc.gov/vaccines/programs/iis/COVID-19-related-codes.html (last visited Jan. 4, 2022).

[20] FDA, *Pfizer-BioNTech EUA Letter* at 10 n.19, (Jan. 3, 2021), available at: https://www.fda.gov/media/150386/download (last visited Jan. 6, 2022).

the procurement of property, services, and related functions. 40 U.S.C. §§ 121(a), 101. These "policies and directives" concern the establishment of a government procurement policy. *See Am. Fed'n of Labor and Congress of Indus. Orgs. v. Kahn*, 618 F.2d 784, 799 (D.C. Cir. 1979) ("*Kahn*"). The FPASA "was designed to centralize Government property management and to introduce into the public procurement process the same flexibility that characterizes such transactions in the private sector." *Kahn*, 618 F.2d at 787-88.

62.    President Biden exceeded the authority granted to him by Congress through the FPASA when he issued Executive Order 14042. Executive Order 14042 – which spawned the Task Force Guidance, the Revised OMB Determination, and the FAR Council Guidance – fails to establish a nexus between the Contractor Mandate and the establishment of a federal contracting procurement system.

63.    When it comes to major decisions like these, the Supreme Court expects Congress to speak clearly when delegating "powers of vast economic and political significance." *Alabama Assn. of Realtors v. Department of Health and Human Services*, 141 S. Ct. 2485, 2489, 210 L.Ed.2d 856 (Aug. 26, 2021) (per curiam) (internal citation and quotation marks omitted). Precedent requires "Congress to enact exceedingly clear language if it wishes to significantly alter the balance between federal and state power." *United States Forest Service v. Cowpasture River Preservation Assn.*, 140 S.Ct. 1837, 1850 (2020).

24

64.     Plaintiffs are subject to this unlawful Executive Order and the resulting Task Force Guidance, the Revised OMB Determination, and the FAR Council Guidance. Defendants' acts, while currently enjoined by a federal court in another district, will force Plaintiffs to receive unapproved and experimental vaccinations or lose their jobs if not declared unlawful.

## COUNT 2: THE OMB DETERMINATION IS CONTRARY TO LAW AND IN EXCESS OF AUTHORITY

65.     Plaintiffs incorporate the above paragraphs as though fully set forth herein.

66.     The Administrative Procedure Act requires a court to "hold unlawful and set aside agency action" that is "not in accordance with law," contrary to a person's constitutional rights, "or in excess of statutory jurisdiction [or] authority." 5 U.S.C. § 706(2)(A)-(C).

67.     The OMB Determination is unlawful because it violates 41 U.S.C. § 1303(a)(1), which provides that only the FAR Council can issue and maintain a "government-wide procurement regulation." 41 U.S.C. § 1303(a)(1).

68.     The OMB Determination is also unlawful because it effectuates a Presidential order which the President has no authority to issue. As explained in Count 1, and incorporating those allegations here, Congress did not grant President Biden the power to mandate vaccinations of nearly all employees of federal contractors and subcontractors. The Revised OMB Determination,

25

which issues a nationwide COVID-19 vaccine mandate for millions of American workers, exceeds the President's authority and OMB authority.

## COUNT 3: THE FAR COUNCIL GUIDANCE IS CONTRARY TO LAW AND IN EXCESS OF AUTHORITY

69.   Plaintiffs incorporate the above paragraphs as though fully set forth herein.

70.   The Administrative Procedure Act requires a court to "hold unlawful and set aside agency action" that is "not in accordance with law," contrary to a person's constitutional rights, "or in excess of statutory jurisdiction [or] authority." 5 U.S.C. § 706(2)(A)-(C).

71.   The FAR Council "guidance" is a reviewable substantive rule, as it requires millions of employees of federal contractors and subcontractors to receive COVID-19 vaccines. "A substantive rule constitutes a binding final agency action and is reviewable." *Cohen v. United States*, 578 F.3d 1, 6 (D.C. Cir. 2009) (*citing* 5 U.S.C. § 704), *vacated in part on other grounds*, 650 F.3d 717 (D.C. Cir. 2011) (*en banc*). Moreover, "the mandatory language of a document alone can be sufficient to render it binding." *Texas v. EEOC*, 933 F.3d 433, 442 (5th Cir. 2019) (*citing Gen. Elec. Co. v. EPA*, 290 F.3d 377, 383 (D.C. Cir. 2002)).

72.   The FAR Council does not have the authority to issue the guidance at issue in this matter. The FAR Council was created to "assist in the direction

and coordination of Government-wide procurement policy and Government-wide procurement regulatory activities in the Federal Government." 14 U.S.C. § 1302.

## COUNT 4: VIOLATION OF FIFTH AMENDMENT DUE PROCESS CLAUSE

73.   Plaintiffs incorporate the above paragraphs as though fully set forth herein.

74.   The Contractor Mandate is unlawful for the reasons stated above.

75.   The Fifth Amendment of the U.S. Constitution states that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. CONST. AMEND. V.

76.   Plaintiffs have liberty interests in freely choosing their own medical decisions and in not being subjected to unlawful governmental regulations. *See Sell v. United States*, 539 U.S. 166, 178 (2003) (discussing that an individual has a significant constitutionally protected liberty interest in not being subjected to unwanted medications) (citations omitted).

77.   The Contractor Mandate, which makes Plaintiffs choose between their jobs and a jab, substantially threatens and will ultimately violate Plaintiffs' liberty interests without due process of law, in violation of the guarantees enshrined in the Fifth Amendment. *See BST*, 17 F.4th at 618 (stating the OSHA "Mandate threatens to substantially burden the liberty interests of

reluctant individual recipients put to a choice between their job(s) and their jab(s)").

## PRAYER FOR RELIEF

For the reasons stated herein, Plaintiffs respectfully request this Court:

A.   Issue a declaratory judgment that the Contractor Mandate is unlawful and therefore unenforceable;

B.   Hold unlawful and set aside Executive Order 14042, the OMB Determination, and the FAR Guidance; and

C.   Award any other relief this Court may deem just and proper, including but not limited to an award of Plaintiffs' costs and attorneys' fees, and any other relief this Court may find appropriate.

Respectfully submitted,

*/s/ Travis Miller*
TX Bar No. 24072952
Federal ID No. 1708834
Email: traviswmiller@gmail.com
*/s/ Brandon Johnson*
Brandon Johnson
DC Bar No. 4901370
Email:
bcj@defendingtherepublic.org
Defending the Republic
2911 Turtle Creek Blvd., Suite 300
Dallas, TX 75219
Phone: 214-707-1775

28